United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DR. THOMAS YAMASHITA, an individual;
SUNBURST PLANT DISEASE CLINIC,
INC., a California Corporation,

    Plaintiffs,

  v.

WILBUR-ELLIS COMPANY, a California
Corporation; HUGHSON CHEMICAL
COMPANY, LLC, a California Limited
Liability Company,

    Defendants.

No. C 06-01690 WHA

**ORDER GRANTING
PLAINTIFFS' MOTION
FOR LEAVE TO AMEND
AND VACATING HEARING**

## INTRODUCTION

In this patent-infringement action, plaintiffs Dr. Thomas Yamashita and Sunburst Plant Disease Clinic, Inc. move for leave to amend their complaint to add new defendants pursuant to Federal Rule of Civil Procedure 15. Plaintiffs have brought this motion within the time allotted in the Court's case management order and have satisfied the liberal standard for amendments under FRCP 15. Plaintiffs' motion is, therefore, **GRANTED**.

## STATEMENT

Dr. Yamashita is the holder of the three patents in suit, which described his "technology" of "compensatory balanced nutrition." The parent patent, United States Patent No. 5,549,729 ("the '729 patent"), was issued on August 27, 1996. Plaintiff subsequently

1  secured two continuations of the '729 patent, United States Patent No. 5,797,976 ("the '976
2  patent") and United States Patent No. 6,309,440 ("the '440 patent").
3       Plaintiffs filed suit on March 6, 2006, alleging infringement, unfair competition under
4  California Business and Professions Code § 17200, intentional interference with contract, and
5  intentional interference with prospective economic advantage.
6       According to plaintiffs, Sunburst has manufactured, marketed and sold fertilizers
7  utilizing the methods described in the '440 patent from 1985 up to the present. From
8  1998–2002, defendant Hughson Chemical Company, LLC was one of several companies
9  distributing Sunburst's product to farmers, primarily in the San Joaquin Valley of California.
10 According to plaintiffs, Hughson's regional manager, Howard Barnett, approached Dr.
11 Yamashita about securing a license to manufacture and sell the Sunburst fertilizer under
12 Hughson's name in late 2002, apparently under a threat by Barnett to manufacture an identical
13 product if Dr. Yamashita refused. When Dr. Yamashita denied the request, Hughson apparently
14 ended its relationship with Sunburst. Plaintiffs contend that shortly thereafter, Hughson began
15 manufacturing and selling an identical composition, allegedly copied from plaintiffs' product.
16 According to plaintiffs, Hughson produced two infringing products called "K-Source" and
17 "Nutra Pak." Plaintiffs alleged that Hughson's sales representatives instructed farmers how to
18 combine the two products to create a formulation that amounted to an identical product to
19 Sunburst's fertilizer.
20       In 2004, defendant Wilbur-Ellis Company acquired Hughson. Plaintiffs alleged that
21 now Wilbur-Ellis continues to manufacture K-Source and Nutra Pak. Plaintiffs contended that
22 Wilbur-Ellis has induced and continues to induce infringement by selling these two products
23 together and instructing farmers how to combine them to create a product which infringes the
24 '440 patent.
25       The nature of Wilbur-Ellis' relationship to Hughson has been debated during previous
26 proceedings in this action. Wilbur-Ellis' counsel has emphasized that she does not represent
27 Hughson and that Wilbur-Ellis merely acquired the *assets* of Hughson without acquiring
28 Hughson's *liabilities* or Hughson itself. Put differently, Hughson is merely a shell unaffiliated

with Wilbur-Ellis.  Plaintiffs have previously argued that Hughson's operations continued as a branch of Wilbur-Ellis.  Plaintiffs apparently have accepted Wilbur-Ellis' assertions that Hughson no longer exists.  Plaintiffs now, however, move for leave to amend the complaint so as to name the following former directors of Hughson as defendants:  Howard Barnett, Diana Nail, Scott Severson, and James Wagner.[1]

## ANALYSIS

This Court issued a case management order on June 1, 2006, which required that leave to add new parties must be sought by June 16, 2006.  Plaintiffs filed this motion for leave to amend on that date.  Accordingly, plaintiffs merely need to satisfy the liberal standard for pleading amendments under FRCP 15.

Under FRCP 15(a), "leave shall be freely given when justice so requires."  "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Wilbur-Ellis contends that plaintiffs unduly delayed in bringing forth the instant amendment.  This order disagrees.  *First*, plaintiffs brought their instant request within the time specified in the case management order.  *Second*, plaintiffs seemingly lacked the necessary information to bring the instant amendment until recently.  Wilbur-Ellis contends that plaintiffs could have researched the issue of Hughson's corporate status through the California Secretary of State.  But it is equally true that Wilbur-Ellis could have produced documents sufficient to show the nature of its acquisition of Hughson.  Wilbur-Ellis apparently did not do so.

Wilbur-Ellis also argues that it will be prejudiced by allowing amendment.  This order disagrees.  No deadlines are looming in this action.  The non-expert discovery cut-off date is not

---

[1] Howard Barnett died, thus plaintiffs apparently intend to name as a defendant Mr. Barnett's estate.

3

until January 26, 2007. Nor will adding the former Hughson directors impede the claim-construction process. The patent-infringement contentions presumably will remain the same regardless of whether plaintiffs are suing Hughson or its former directors. The fact that the new defendants may choose to acquire counsel other than Wilbur-Ellis' counsel does not prejudice Wilbur-Ellis in any way.

Finally, Wilbur-Ellis has not showed that the amendment is futile. The new defendants may, of course, seek to dismiss the action. A determination as to the merits of such a motion for dismissal, however, is inappropriate here.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend is **GRANTED**. Plaintiffs must file and serve their amended complaint on all defendants within one week of this order. Finding no further argument necessary, hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 19, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE